## NATIONAL BOX CO. v. HENRY.*

### (Division B. Nov. 16, 1925.)

### [105 So. 854.   No. 25168.]

1. TRIAL. *Instruction that, if employer knew that certain logs were in habit of rolling off deck, and caused or permitted plaintiff to continue work in unsafe place, to find for plaintiff, held not reversible error.*

   In a personal injury suit, where the law applicable to the case was fairly given, it is error, but not reversible error, to give an instruction to the jury that if the "defendant knew that said logs were in the habit of rolling off of said deck, and caused or permitted the plaintiff to continue work in a place which they knew was unsafe," etc.

2. DAMAGES. *Verdict for eight hundred dollars for injuries confining plaintiff to hospital ten days, and rendering him unable to work for sixty days, held not excessive.*

   In a personal injury suit, where the plaintiff was confined to a hospital for ten days, and suffered pain and spat up blood, and was unable to work for a period of sixty days, a verdict for eight hundred dollars is not excessive.

3. APPEAL AND ERROR. *Refusal to permit plaintiff in damage suit to be asked what physician treated him for held not reversible error.*

   It is not reversible error to refuse to permit the plaintiff in a damage suit case to be asked what his physician treated him for, where the plaintiff testifies fully about the matter and nature of his injury, as the defendant would be bound by the plaintiff's answer, and it is manifest that such answer would not be favorable to the defendant.

---

*Headnotes 1. Trial, 38 Cyc., p. 1779; 2. Damages, 17 C. J., Section 408; 3. Appeal and Error, 4 C. J., Section 2889.

APPEAL from circuit court of Adams county.

HON. R. L. CORBAN, Judge.

Action by Carl Henry against the National Box Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*L. A. Whittington,* for appellant.

The measure of duty owed the plaintiff by the defendant was to warn him, at the most, if necessary, of the danger that existed in undertaking to work below and not under the platform while the logs were being lifted. He himself, admitted that the place was dangerous; that he knew it and he appreciated it; he goes so far as to say that some of the carpenters refused to work, when directed to work there. It is, therefore, perfectly patent in this case that the plaintiff knew the danger of working at this place while the logs were being lifted, for the place, otherwise, was not dangerous.

By Instruction No. 5, given to the plaintiff, the jury were, in effect, told that if the defendant "permitted" the plaintiff to continue to work in a place that they knew and had reason to believe was unsafe, then the defendant was guilty of negligence. We submit to the court that the instruction enlarged the duty of the employer, and required the employer, as a matter of law, to run a man off of the job, in his employ, who insisted on putting himself in a place of danger, that was known and appreciated.

What the plaintiff was undertaking to submit to the jury by said instruction was the question of whether or not he had been directed by the foreman to occupy this place of danger, on which point there was a sharp conflict. According to the evidence, and by a preponderance of the evidence, it was established in favor of this defendant; but the instruction, we submit to the court, goes far beyond that, when it uses the terms "caused or permitted" because under the "permission" part of said instruction, the defendant was charged with the duty of giving a warning and of discharging for failure to heed the warning, a man of experience and thirty-six years of age, who knew and appreciated the danger. The only purpose in law of a warning being given is to bring the danger to the knowledge of the person warned. In this case, the plaintiff admits that he had all the warning that under the

law he was entitled to.   We submit that it was fatal error in this case for the court to have given said instruction.

There was a sharp and decided conflict in the evidence as to whether plaintiff sustained any actual injuries at all or not, though he claims that he went to the Sanitorium and was treated for ten days, he does not testify to any injury or bruise whatsoever.   Several of the witnesses said that he did not touch the sides of the vat, or the floor of the vat, or the walls of the vat, but that he simply fell into the water and when taken out was examined to see if he had been bruised or injured at all, and that they could find none.

On being recalled by the defendant, the defendant undertook to ascertain from him what his physician treated him for while in the Sanitorium.   For some reason the plaintiff did not want to disclose this to the jury, and his counsel objected, which objection the court sustained. We submit to the court that the evidence in this case wholly fails to show affirmatively, and by positive testimony, any injury sustained by the plaintiff.   We further submit to the court that the evidence shows that the plaintiff was disposed to keep from the jury evidence as to what his physician treated him for, and what his physical condition was, and we submit to the court that we are at a loss to understand upon what theory the court did sustain the objection to the question asked of the plaintiff as to what his physician treated him for while in the Sanitorium.

The rule of law that prevents the defendant, when sued for injuries, from introducing the physician to testify as to whether actual injuries were sustained is harsh enough, and in view of this law, it is, and ought to be the duty of the plaintiff in all cases to establish the fact that he sustained injuries beyond question, and by positive evidence, and not to hide anything, or withhold anything from the jury as to his physical condition.

*Ratcliff & Kennedy,* for appellee.

Appellant says that the use of the word "permitted" makes instruction No. 5 reversible error, because it required of them to put a man off the job who did not heed their warnings. We submit that the instruction cannot be so construed. The word "permitted," as used in the instruction, could only be construed in the sense of "permission" or "allowance," for if the appellee continued work in a dangerous place, after he had been warned of the danger, or the danger was apparent, he was doing it at his own risk and not by permission of the employer. However, instructions should be construed together, and the first and second instruction obtained by the defendant told the jury:

"That if they believe from the evidence in this case that plaintiff was warned of the danger of working on the outside . . . and if they further believed that in disregard of such warning the plaintiff voluntarily placed himself in a position of danger, knowing and appreciating such danger . . . it is the duty of the jury to find for the defendant."

We, therefore, submit that the question of warning, and of the circumstances and conditions under which the appellee continued his work was properly submitted to the jury. Counsel contends that if appellant warned appellee as to the danger, that it fulfilled its entire duty. We submit that the jury was so instructed for the defendant in both of the instructions above referred to.

Lastly, counsel argues that the damages are excessive, but admits that it was a controverted question of fact for the jury. We hardly think that this court would hold that eight hundred dollars is excessive damages for injuries that placed a man in a hospital or sanitarium for ten days under the care of a physician and prevented him from doing any kind of work on account of his injuries and pains for more than two months. Counsel admits that the evidence of the Box Company's physician, who

treated the injured man, was not admissible; in fact, they did not offer the physician as a witness; they paid the sanitarium bill and the doctor's bill and yet complain that the appellee was not injured.

*L. A. Whittington,* in reply for appellant.

The entire record shows that the plaintiff was in a place known to him to be dangerous, the danger of which was appreciated by him, and was obvious and apparent to any man in the exercise of ordinary care and caution, but he undertakes to *excuse* himself, and to *justify* himself in failing to exercise the care and caution of an ordinary prudent man, by claiming that he was directed by the foreman to go to this particular place to work. As we have pointed out, this claim is contradicted by all the other witnesses; nor can this excuse or justification be availed of by the plaintiff for the reason that the danger of the place was wholly apparent and fully appreciated by the plaintiff.

"An employer is not liable for injuries to the servant in the performance of an act that an ordinarily prudent man would not have attempted, *even though* the servant proceeded in obedience to the employer's order." *Truly* v. *North Lbr. Co.,* 83 Miss. 430.

We are entirely familiar with the rule that all instructions must be construed and considered together, but we submit to the court that in a case where the verdict of the jury shows that this has not been done, and where an instruction was given upon which only the verdict of the jury might be justified, it may not be urged that the person obtaining an instruction that did not clearly nor fully state the law, could claim the benefit of other instructions given in the same case that did clearly state the law.

Argued orally by *L. A. Whittington,* for appellant.

ETHRIDGE, J., delivered the opinion of the court.

The appellee sued the appellant for a personal injury, and recovered a verdict and judgment for eight hundred dollars. The plaintiff was a carpenter working for the appellant, defendant below, in constructing some work near a platform and certain water vats used by the appellant in its business. The particular work that the plaintiff was doing was placing some bolts through certain timbers and screwing the nuts on the bolts. Appellee was working on the outside of the platform or scaffolding on which he was working, and the machinery used by the defendant in hoisting logs was being operated. It is contended by the appellant that the plaintiff was instructed not to get on the outside, which would expose him to danger, but to stay under the protection of the scaffolding; while the plaintiff, appellee here, insisted that he was instructed and directed to get on the outside to do the work, and that such work could not well be done in any other way. While the plaintiff was engaged in this work, standing on some scaffolding, a part of which was a board, such board was struck by a log, which fell from the lifting machinery, striking the board and causing it to throw the plaintiff some distance into the air, and in falling he fell into one of the vats, claiming that he was thereby injured.

It appears from the evidence that the plaintiff went to a hospital and remained there for ten days, and was treated by physicians, and that the hospital expenses were paid by the appellant. It is contended that plaintiff was unable to work from the time of such injury, which occurred on December 14th, until the 1st of February following, when he secured another position, and that he was not then able to do hard work. Appellee testified that he was injured, and that he spat up blood and suffered some. The physicians who attended the plaintiff were not introduced as witnesses, and there was no medical testimony as to the character and extent of his injury. While the plaintiff was on the witness stand, he was asked what the physicians treated him for,

to which objection was made and sustained, and this has been assigned for error. The plaintiff was supported in his testimony by one witness, as to his version of where he was required to work, and as to the necessity of being on the outside to do the work properly. He was contradicted by several other workmen, who were working around the same place, as to the necessity of being on the outside to properly perform the work, and was contradicted by the foreman as to being directed to get on the outside to do the work. Several witnesses contradicted the plaintiff as to the extent and character of his injuries.

The plaintiff obtained five instructions, and the defendant obtained four, on the law applicable to the case. The appellant assigns for error the giving of the fifth instruction for the plaintiff, which reads as follows:

"The court instructs the jury for the plaintiff that, if they believe from the evidence that the defendant company had piled logs, or caused the same to be piled, on the deck above, or in the vicinity of where plaintiff was directed to work, and that the defendant knew that said logs were in the habit of rolling off of said deck, and caused or permitted the plaintiff to continue work in a place which they knew, or had reason to believe, was unsafe, then the defendant was guilty of negligence, and, if the jury believe from the evidence that such negligence was the proximate cause of the injury, then they shall find for the plaintiff."

This instruction is erroneous to the extent that it used the words "or permitted," but we do not think the error is sufficient to cause a reversal of the case. The law as given in the instructions, taken as a whole, covers the cause of the case, and we do not think that the use of the words "or permitted," in the light of the evidence and instructions, misled the jury. The rights of both parties were adequately stated in the instructions given.

It is insisted also that the verdict of eight hundred dollars is excessive inasmuch as the testimony showed that there were no scars or bruises on plaintiff's body. It is not disputed that he was in the hospital ten days, and that he was there treated at the expense of the appellant company. The plaintiff testified as to his suffering and physical condition, and we think it was for the jury to say whether his evidence is true or not, and that the jury by its verdict accepted the plaintiff's version, and that, in the light of these facts, the verdict is not excessive.

We do not think there was prejudicial error in refusing to permit the defendant to interrogate the plaintiff as to what his physicians treated him for. Without deciding that the ruling of the court is proper on this point, we are of the opinion that no prejudicial error resulted, because in the nature of things the defendant would be bound by the plaintiff's answer; it not being competent to introduce plaintiff's physicians, and, from his evidence as to the nature and character of his injuries, it is manifest that the answers to this question would not have been helpful or beneficial to the defendant.

The judgment of the court below will therefore be affirmed.

*Affirmed.*